728 July 29, 2026 No. 706

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Emma Julia KAGEL,
fka Emma J. Berry,
*Petitioner-Appellant,*
*and*

Charles Lucien BERRY, Jr.,
*Respondent-Respondent.*

Washington County Circuit Court
C101495DRD; A185317

D. Charles Bailey, Jr., Judge.

Argued and submitted October 31, 2025.

Andrew W. Newsom argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

In this domestic relations case, mother filed a motion for order to show cause, asking the trial court to enforce a stipulated judgment requiring father to reimburse her for health care expenses she incurred for the parties' minor child. In a single assignment of error, mother challenges the trial court's denial of that motion, contending that the court erred in concluding that one portion of mother's requested expenses were not medical expenses and in denying her motion based on that determination.[1] We conclude that the trial court erred in denying mother's motion, and reverse and remand for further proceedings as to which portions of the claimed expenses must be reimbursed.

Mother and father are the parents of one minor child, E. Pursuant to a supplemental judgment modifying parenting time and child support, mother and father:

"shall be responsible for and shall pay one-half of [E's] reasonable and necessary uninsured health costs, including medical, dental, optical, mental health, orthodontic, prescription medication, or other health related expense incurred by or on behalf of [E]. Mother shall submit all medical bills for which payment is sought from Father no later than two weeks after she receives documentation of the net payment due to a given provider, after application of available insurance benefits. Father will then have 30 days to submit his payment to Mother."

In 2024, mother filed a "Motion for Order to Show Cause Re: Enforcement of Stipulated Judgment," arguing that father had failed to "make any contributions towards the reasonable and necessary healthcare expenses of [E] since approximately October 25, 2022." She asserted that the judgment should be enforced "as contract terms utilizing contract remedies" pursuant to ORS 107.104.[2] Mother attached a declaration in support of her motion, stating that she had timely submitted numerous requests and documentation to father relating to E's healthcare expenses

---

[1] On appeal, father does not appear.

[2] ORS 107.104(2)(a) provides, in part, that "[i]n a suit for marital annulment, dissolution or separation, the court may enforce the terms set forth in a stipulated judgment signed by the parties *** [a]s contract terms using contract remedies[.]"

and that father had not provided payment towards any of them. She included an exhibit showing the individual expenses she had paid, broken down by categories such as prescription medications, "trach parts and supplies," dental expenses, various supplements, and other over-the-counter treatments. The exhibit also included amounts that mother had paid for travel and parking related to E's "non-ordinary care." She indicated that she would share "a much more detailed breakdown" of the expenses with father and the court during litigation, "including cross-references to when and how documentation for such expenses were shared with [father]." Mother asked the trial court to enforce the stipulated judgment and to "[make] a ruling on what expenses are and are not covered by the parties' agreement and/or order of the court [to] reduce future potential contention and litigation in this matter."

The trial court denied mother's motion, stating that:

"Even in the light most favorable to [mother], it does not appear that there is anything to enforce as she states in her declaration that she has asked for items that are not medical expenses. (see \*\*\* "[travel] expenses for non-ordinary care"). The issue last time around was similar in which [mother] would not give specifics on actual medical care but continued to insist on non-medical care expenses as well."

Mother challenges that ruling on appeal, arguing that the trial court erred in concluding that certain costs were not medical expenses and in denying the motion without making a determination as to which expenses were recoverable under the stipulated judgment. We agree that the trial court erred.

Ordinarily, when a party files a motion under ORS 107.104 to enforce a stipulated parenting time or child support judgment and plausibly alleges that the other party has violated the judgment, the trial court holds an evidentiary hearing and may enter an enforcement judgment based on its findings and legal conclusions.[3] *See, e.g, Baertlein and Stocks*, 303 Or App 51, 57-71, 464 P3d 433 (2020) (addressing

---

[3] We construe mother's show cause motion to be a motion to enforce the stipulated judgment.

father's challenge to an enforcement judgment awarded to mother after she filed a motion to enforce a stipulated child support judgment under ORS 107.104, alleging that father had failed to pay his share of college expenses for their child). Thus, when a trial court denies a motion to enforce a judgment without holding an evidentiary hearing or requiring the opposing party to respond—as the trial court did here—we construe that ruling to be a determination of the legal sufficiency of the claim. Accordingly, we review for legal error the trial court's determination that the facts alleged are insufficient to state a claim for relief. *See Rowlett v. Fagan*, 358 Or 639, 651, 369 P3d 1132 (2016) ("[T]he legal viability of any particular claim under Oregon law *** is strictly a matter of law.").

Here, the stipulated judgment required both parties to pay half of E's "reasonable and necessary uninsured health costs, including medical, dental, optical, mental health, orthodontic, prescription medication, or other health related expense incurred by or on behalf of [E]." In her motion and supporting declaration, mother alleged that father had failed to pay his share of E's uninsured medical expenses and included an exhibit listing expenses such as prescription medications and dental expenses that were explicitly covered in the stipulated judgment. Thus, even if certain expenses arguably were not covered in the judgment, such as mother's travel expenses, the motion and declaration sufficiently alleged a claim for relief as to other expenses.[4] Accordingly, the trial court erred in denying mother's motion.

Reversed and remanded.

---

[4] We do not decide whether mother's travel and other expenses are covered in the judgment. On remand, the parties and the trial court will be able to develop a full record on that and other issues.